G. T. BELL, Appellee, v. P. H. FISHER, Appellant.

**LANDLORD AND TENANT:** Oral and Written Lease of Same
1 Premises. The execution and delivery of a written lease between a landlord and a tenant does not necessarily negative the claim of the landlord that he had an oral lease with another party, as a joint tenant with the one mentioned in the written lease.

**TRIAL:** Instructions—Non-Prejudicial Refusal. On the issue
2 whether a defendant was acting solely as agent of another or as a principal, the refusal of an instruction on the subject of agency is non-prejudicial, when the court very definitely instructed that defendant was not liable unless it were found that he acted with intent to be personally bound.

*Appeal from Jefferson District Court.*—FRANCIS M. HUNTER, Judge.

JUNE 27, 1918.

ACTION on an alleged oral lease for rent. The facts are

stated in the opinion. Judgment for plaintiff, as prayed. Defendant appeals.—*Affirmed.*

*Thoma & Thoma,* for appellant.

*Eardley Bell, Jr.,* and *Ralph H. Munro,* for appellee.

STEVENS, J.—I. This is an action upon an alleged oral lease for the rent of a farm. The defendant, P. H. Fisher, appellant herein, is the father of Ray E. Fisher, who occupied and cultivated the leased premises

1. LANDLORD AND TENANT: oral and written lease of same premises.

for the season of 1915, the term for which the payment of rent is sought. Ray E. Fisher became a nonresident of the state before service of notice was had upon him, and this action is prosecuted against appellant only.

The claim of plaintiff is that he entered into an oral agreement with appellant to lease the farm to him and his son for one year, for a cash rental of $1,150, which oral agreement was to be reduced to writing and signed by all of the parties; that a duplicate lease was prepared, and signed by plaintiff and forwarded, together with a note, to appellant, for the signature of all the parties; but that same were not returned to plaintiff. On the other hand, defendant testified that he returned the note and a signed copy of the lease to plaintiff, some weeks after he received them. Appellant's name was written in the lease, and immediately erased. Plaintiff claims that this was done at the request of appellant, who stated that he did not desire his son to know that he was to sign the papers; whereas **appellant** claims that he plainly stated to plaintiff, at the time his name was written in the lease, that his son only was leasing the premises, and that he would, under no circumstances, obligate himself to pay the rent. A copy of the written lease, signed by plaintiff and Ray E. Fisher, was offered in evidence by defendant. The theory upon

which same was offered was that it conclusively negatived plaintiff's claim of an oral lease.

The answer of defendant consisted of a general and specific denial, together with an affirmative plea that plaintiff leased the land to Ray E. Fisher in writing, and that appellant had nothing whatever to do with the transaction.

Counsel for appellant requested the court to instruct the jury, in substance, that, if it found from the evidence that the written lease was entered into between the plaintiff and Ray E. Fisher, and a signed copy thereof delivered to plaintiff and accepted by him, plaintiff could not recover. Instead, the court instructed the jury that the written instrument received in evidence was not conclusive against the plaintiff, but should be considered as a circumstance, together with the rest of the evidence, in determining whether or not an oral lease was entered into between plaintiff and appellant, as alleged. The instructions were objected to upon the theory of the requested instruction. No claim was made by appellant that plaintiff waived his signature to the written lease, or accepted the same signed only by Ray E. Fisher as a substitute for the alleged oral lease. The court, in plain and concise language, instructed the jury that the burden was upon the plaintiff to establish the alleged oral lease by a fair preponderance of the evidence, and that, unless same had been done, he could not recover.

No evidence was offered tending to show that plaintiff agreed to waive the oral lease with appellant, or to substitute a written lease signed only by Ray E. Fisher therefor, or understood that he was doing so. The negotiations for the leasing of the premises were carried on exclusively by appellant and plaintiff, who did not know Ray. E. Fisher, and never saw him until long after he moved upon the premises.

Under the evidence, the jury may well have found that

an oral lease was entered into between plaintiff and appellant, by the terms of which the farm was leased to him, with the understanding that same was to be occupied by his son, and that a note and a written lease were to be signed by both the father and the son. The jury evidently so found.

The record did not justify the giving of the requested instruction. Proof of the return of the note and a copy of the written lease, signed only by Ray E. Fisher, did not conclusively negative plaintiff's claim of an oral contract. It may have been a persuasive circumstance, tending to meet the evidence offered on behalf of plaintiff. Under the issues and proof, it could not have been more. The rights of appellant were carefully guarded by the court in its instructions, and the issues were so plainly stated that the jury could not have misunderstood them, or been misled by the instructions complained of.

II. An instruction was requested by counsel for appellant, on the theory that the evidence disclosed that appellant was acting only as the agent of Ray E. Fisher. The refusal of the court to give the offered instruction is assigned as error. The instructions of the court could have left no doubt in the minds of the jurors that plaintiff could not recover unless the evidence showed, by a fair preponderance thereof, that an oral agreement was entered into between plaintiff and appellant, by the terms of which the latter leased the farm for himself, or jointly with Ray E. Fisher, and that he intended to bind himself personally for the payment of the rent.

2. TRIAL: instructions: non-prejudicial refusal.

Without deciding whether the requested instruction was proper under the issues or not, we are convinced that appellant could in no way have been prejudiced by the refusal of the court to give same. The record discloses no

reversible error, and the judgment of the court below is—
*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.